## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| GUERLANDA ESCARMANT, | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. __3:18-CV-457-RGJ__ |
| | ) | |
| v. | ) | *Electronically Filed* |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| Serve:    CT Corporation System | ) | |
| 306 West Main Street | ) | |
| Suite 512 | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PROCOLLECT, INC. | ) | |
| | ) | |
| Serve:    John W. Bowdich | ) | |
| Registered Agent | ) | |
| 10440 N. Central | ) | |
| Expressway | ) | |
| Dallas, TX 75231 | ) | |
| via Kentucky Secretary | ) | |
| of State | ) | |
| | ) | |
| **Defendants.** | ) | |

\* \* \* \* \*

## COMPLAINT

1.      This is an action for actual damages, statutory damages, and injunctive relief brought by Guerlanda Escarmant against Defendants Experian Information Systems, Inc. and ProCollect, Inc. for violations of the Fair Credit Reporting Act, which prohibits creditors and credit reporting agencies from furnishing or reporting false or inaccurate consumer credit information.

2.      Ms. Escarmant was the victim of identity theft when a lease agreement for an apartment was entered using Ms. Escarmant's name. ProCollect initiated steps to collect the alleged debts from Ms. Escarmant and reported the alleged debts as delinquent to Experian. The alleged debts subsequently appeared on Ms. Escarmant's credit report distributed by Experian.

## PARTIES, JURISDICTION, AND VENUE

3.      Ms. Escarmant is a resident of the Commonwealth of Kentucky and resides within this district. At all times relevant to this action, she was a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a, *et seq*.

4.      ProCollect is a Texas corporation that does extensive business within this judicial district. Its principal place of business is located at 12170 Abrams Rd, #100, Dallas, Texas 75243.  It routinely furnishes information to credit reporting agencies, conduct that is regulated by the FCRA.

5.      Experian is an Ohio corporation registered to do business in Kentucky and that does extensive business within this judicial district. Its principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626. It is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" and is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "customer reports," to third parties, as defined by the FCRA, 15 U.S.C. § 1681a, *et seq*.

6.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

7.      Venue is proper as Experian and ProCollect conduct business in this district and Ms. Escarmant is a resident of this district.

## FACTUAL ALLEGATIONS

8.     Ms. Escarmant is a resident of Louisville, Jefferson County, Kentucky.

9.     Ms. Escarmant has never lived in Mississippi.

10.     While attempting to rent a new apartment in Louisville, Ms. Escarmant was informed that she already has an apartment in her name in Mississippi.

11.     Ms. Escarmant obtained a consumer report from Experian. The report stated that ProCollect was reporting past due rent payments on behalf of an apartment complex in Mississippi called the Reserve at Park Place.

12.     Ms. Escarmant was denied new housing because of the erroneous report.

13.     Ms. Escarmant contacted the apartment complex in Mississippi, which acknowledged that Ms. Escarmant was not the actual resident of the apartment.

14.     Ms. Escarmant filed complaints with police in Mississippi stating that someone had wrongly entered into a lease agreement using her name.

15.     The Reserve at Park Place has since turned the collection of the debt over to ProCollect.

16.     After filing her report and speaking with the apartment complex, Ms. Escarmant renewed her search for new housing.

17.     Despite complaints to the apartment complex and to the police, ProCollect continued to report Ms. Escarmant as delinquent to Experian.

18.     On May 10, 2018 Ms. Escarmant disputed ProCollect's credit reporting with Experian.

19.     On June 4, 2018 Experian advised Ms. Escarmant that ProCollect affirmed that the accounts are being reported accurately and stated that it would not remove its inaccurate reporting.

## COUNT 1:
## WILLFUL NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT
### (Defendant ProCollect)

20.     Ms. Escarmant incorporates by reference the allegations previously set forth in this Complaint.

21.     By engaging in the conduct set forth above, ProCollect knowingly and willfully reported inaccurate information regarding Ms. Escarmant to consumer reporting agencies in violation of 15 U.S.C. § 1681a, *et seq*.

22.     ProCollect's actions caused Ms. Escarmant to suffer damages, including emotional and mental distress, anxiety, and the loss of credit opportunities, including a new home, in an amount to be determined at trial.

23.     Ms. Escarmant demands that ProCollect correct their inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit information.

24.     In addition to actual damages, statutory damages, interest, attorney fees, and court costs, Ms. Escarmant is entitled to an award of punitive damages pursuant to 15 U.S.C. § 1681n.

## COUNT 2:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT
### (Defendant ProCollect)

25.     Ms. Escarmant incorporates by reference the allegations previously set forth in this Complaint.

26.     In the alternative, by engaging in the conduct set forth above, ProCollect negligently reported inaccurate information regarding Ms. Escarmant to consumer reporting agencies in violation of 15 U.S.C. § 1681a, *et seq*.

27.     ProCollect's actions caused Ms. Escarmant to suffer damages, including emotional and mental distress, anxiety, and the loss of credit opportunities, including a new home, in an amount to be determined at trial.

28.     Ms. Escarmant demands that ProCollect correct their inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit informationi.

29.     Ms. Escarmant is entitled to an award of actual damages, statutory damages, interest, attorney fees, and court costs pursuant to 15 U.S.C. § 1681o.

**COUNT 3:**
**WILLFUL NONCOMPLIANCE WITH**
**THE FAIR CREDIT REPORTING ACT**
**(Defendant Experian)**

30.     Ms. Escarmant incorporates by reference the allegations previously set forth in this Complaint.

31.     Defendant Experian's failure to remove the disputed item from Ms. Escarmant's credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duties to ensure maximum possible accuracy of consumer reports, as required by 15 U.S.C. 1681a, *et seq*.

32.     Experian's failure to evaluate or consider any of Ms. Escarmant's information, claims, or evidence, and its failure to make any or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Ms. Escarmant's dispute is a

willful violation of Experian's duties regarding investigation of disputed items, as stated in 15 U.S.C. 1681a, *et seq*.

33.     Experian's actions caused Ms. Escarmant to suffer damages, including emotional and mental distress, anxiety, and the loss of credit opportunities, including a new home, in an amount to be determined at trial.

34.     In addition to actual damages, statutory damages, interest, attorney fees, and court costs, Ms. Escarmant is entitled to an award of punitive damages pursuant to 15 U.S.C. § 1681n.

**COUNT 4:**
**NEGLIGENT NONCOMPLIANCE WITH**
**THE FAIR CREDIT REPORTING ACT**
**(Defendant Experian)**

35.     Ms. Escarmant incorporates by reference the allegations previously set forth in this Complaint.

36.     In the alternative, by engaging in the conduct set forth above, Defendant Experian negligently failed to remove the disputed item from Ms. Escarmant's credit report in violation of Experian's duties to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. 1681a, *et seq*.

37.     In the alternative, by engaging in the conduct set forth above, Experian negligently failed to evaluate or consider any of Ms. Escarmant's information, claims, or evidence, and failed to make any or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Ms. Escarmant's disputes, in violation of Experian's duties regarding investigation of disputed items, as stated in 15 U.S.C. 1681a, *et seq*.

38.     Experian's actions caused Ms. Escarmant to suffer damages, including emotional and mental distress, anxiety, and the loss of credit opportunities, including a new home, in an amount to be determined at trial.

39.     Ms. Escarmant is entitled to an award of actual damages, statutory damages, interest, attorney fees, and court costs pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

Wherefore, Ms. Escarmant demands the following relief:

a.      Entry of a Judgment to compensate her for damages to which she is entitled, including but not limited to actual, statutory, and punitive damages;

b.      Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by law;

c.      Trial by jury on all issues so triable;

d.      An award of attorney's fees and costs herein incurred; and

e.      All other relief to which she may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig

s/ James Craig
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com

*Counsel for Guerlanda Escarmant*